STATE of Missouri ex rel. Frederick
H. JONES, Relator,

v.

The Honorable Calvin R. HOLDEN,
Respondent.

No. SD 31208.

Missouri Court of Appeals,
Southern District,
Division Two.

May 18, 2011.

Mark J. Millsap, Springfield, MO, for Relator.

M. Scott Montgomery, Springfield, MO, for Respondent.

Before RAHMEYER, P.J., BATES, J., and SCOTT, C.J.

PER CURIAM.

Frederick H. Jones ("Relator") filed a petition for writ of prohibition to prohibit the Honorable Calvin R. Holden ("Respondent"), Judge of the Circuit Court of Greene County, from taking any further action in Greene County case number 1031–MC04866. Having reviewed and considered Relator's petition, suggestions, and exhibits, as well as Respondent's answer and suggestions in opposition, we find that Relator is entitled to relief. In the interest of justice, we hereby dispense with all further procedure in this matter

and issue a peremptory writ in prohibition. Rule 84.24(j) and (*l* ).[1]

**Factual and Procedural Background**

In 2008, Amanda S. Jones (who is also known as Amanda S. Martin and is hereinafter referred to as "Martin") filed a petition for dissolution of marriage against Relator in Tulsa County, Oklahoma. In November 2010, Relator's Oklahoma counsel filed an ex parte application pursuant to Rule 57.08 in the Circuit Court of Greene County, Missouri, for issuance of subpoenas to entities and individuals in the state of Missouri to produce documents and materials for use in the dissolution proceeding in Oklahoma. On November 23, 2010, Respondent issued an order directing that the subpoenas be issued as requested in Relator's Rule 57.08 application. On December 2, 2010, counsel for Martin filed a "Motion to Dismiss and to Set Aside Order and Quash Subpoenas" in the Circuit Court of Greene County asking the court to set aside its order of November 23, 2010, and to quash any subpoenas issued pursuant thereto for the reason that the attorney who filed the Rule 57.08 application on behalf of Relator was not licensed to practice law in Missouri. On December 14, 2010, a Missouri attorney filed an entry of appearance on behalf of Relator in the Circuit Court of Greene County. On December 15, 2010, Respondent held a hearing and made the following docket entry in the case: "Attorney's [sic] appear. By agreement, Motion to Quash Subpoenas is sustained. CRH/env."

On December 23, 2010, counsel for Martin filed an "Answer and Counter Claims" in the Circuit Court of Greene County in "answer" to Relator's Rule 57.08 applica-

tion. The filing also included a multiple-count counterclaim against Relator, including claims for fraud, negligent misrepresentation, false imprisonment, assault, and battery. In response, Relator's Missouri attorney filed a "Special Appearance and Motion to Dismiss," seeking dismissal of Martin's answer and counterclaim. Among other things, Relator's motion to dismiss argued:

> [Martin's] Counter Claims fail to state [a claim] for which relief can properly be granted in that there exists no underlying cause of action in this Court. There is no pleading pending in this Court to which [Martin's] "Answer" is responsive and, thus, there can likewise be no Counter Claims asserted when there are no "claims" to be "countered." Rather, these claims and counter claims are currently the subject matter of litigation pending in the State Court of Oklahoma where said claims should properly be resolved.[2]

On February 24, 2011, Respondent denied Relator's "Special Appearance and Motion to Dismiss." Thereafter, Relator filed his petition for writ of prohibition in this court seeking to prohibit Respondent from taking any further action in the case.

**Standard of Review**

■ The extraordinary remedy of a writ of prohibition is available: (1) to prevent the usurpation of judicial power when the trial court lacks authority or jurisdiction; (2) to remedy an excess of authority, jurisdiction or abuse of discretion where the lower court lacks the power to act as intended; or (3) where a

---

1. All rule references are to Missouri Court Rules (2010).

2. Relator also argued that the Circuit Court of Greene County lacked subject matter jurisdiction and personal jurisdiction over Relator. We do not reach these contentions.

party may suffer irreparable harm if relief is not granted.

*State ex rel. Missouri Public Defender Commission v. Pratte,* 298 S.W.3d 870, 880 (Mo. banc 2009).

While, generally, "prohibition will not lie when an act has already been done, nevertheless, . . . this principle has its 'limitations and exceptions.'" "Prohibition will lie to 'undo' acts done in excess of a court's jurisdiction, as long as some part of the court's duties in the matter remain to be performed[,]" and it is also proper "to restrain the further enforcement of orders that are 'beyond or in excess of the authority of the judge.'"

*State ex rel. Robinson v. Franklin,* 48 S.W.3d 64, 67 (Mo.App.2001) (citations omitted). "Whether a trial court has exceeded its authority is a question of law, which an appellate court reviews independently of the trial court." *Pratte,* 298 S.W.3d at 881.

## Discussion and Decision

Rule 53.01 provides that "[a] civil action is commenced by filing a petition with the court." In this case, there has been no petition filed in the Circuit Court of Greene County, Missouri. Rather, this case originated with Relator's Rule 57.08 ex parte application for subpoenas. Rule 57.08 provides:

Whenever the deposition of any person is to be taken in this state pursuant to the laws of another state or of the United States or of another country for use in proceedings there, the circuit court in the county where the deponent is found may, upon ex parte application, make an order directing issuance of a subpoena as provided in Rule 57.09, in aid of the taking of the deposition, and having due regard for the laws and rules of such foreign jurisdiction, may make

such orders as could be made if the deposition were intended for use in this jurisdiction.

Rule 57.08 does not provide that an application under its provisions constitutes or must be in the form of an original petition, nor does the Rule suggest that such an application requires service of summons in accordance with Rule 54. In fact, Rule 57.08 expressly refers to the application as "ex parte." Rule 57.08 also does not indicate that an answer or other responsive pleading is permitted or required in accordance with Rule 55.01.

Based on our reading of the Rules, we conclude that a Rule 57.08 proceeding simply is not a "civil action" in the traditional sense. As the Rule, itself, states, it is a proceeding "in aid of the taking of [a] deposition" for use in a foreign jurisdiction. It is not intended as a means of litigating or adjudicating civil claims on their merits. The Rule establishes a procedure by which participants in proceedings in foreign jurisdictions may obtain subpoenas from and under the authority of the courts of the state of Missouri directed to deponents in Missouri who are beyond the reach of the subpoena power of the foreign jurisdictions.

Because a Rule 57.08 proceeding is not a civil action within the meaning of the Rules, an answer and counterclaim are not contemplated, nor are they consistent with the purposes of the Rule. If Martin wishes to file original claims against Relator in Missouri, we believe she should do so by filing an original petition, not by filing a counterclaim to Relator's Rule 57.08 application. Thus, we find that Martin's filing of an answer and counterclaim in the Rule 57.08 proceeding was ineffective to institute any original claims in the Circuit Court of Greene County, Missouri, and

that Respondent has exceeded his authority by proceeding on the counterclaim.

Moreover, we note that Respondent's order of December 15, 2010, quashing the subpoenas effectively disposed of Relator's Rule 57.08 application and terminated the Rule 57.08 proceeding. We believe Martin's subsequent filing of an answer and counterclaim was ineffective to revive the proceeding or to vest Respondent with authority to proceed therein. Thus, even if a counterclaim were permissible in a Rule 57.08 proceeding, we would, nevertheless, find that Respondent had exceeded his authority here by taking further steps to adjudicate the merits of Martin's counterclaim to the extent the counterclaim was filed after the quashing of the subpoenas sought in Relator's Rule 57.08 application.

### Conclusion

For the reasons above, we hereby enter a peremptory writ in prohibition by which we prohibit Respondent from taking any further action in Greene County case number 1031–MC04866 other than to vacate all orders made after December 15, 2010, grant Relator's motion to dismiss Martin's "Answer and Counter Claims," and show the underlying matter fully and finally disposed.[3]

3. Together with suggestions in opposition to the issuance of a writ in this case, counsel for Martin filed a Motion for Award of Damages for Frivolous Appeal. In view of the relief granted herein, the motion is denied.